UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NICHOLAS S. PENNINGTON,<br>      *Plaintiff*, | )<br>)<br>) | |
| *vs.* | ) | 1:09-cv-00390-RLY-JMS |
| | ) | |
| G.H. HERRMANN FUNERAL HOME, INC.,<br>      *Defendant.* | )<br>)<br>) | |

### ORDER

Previously the Court took under advisement the propriety of non-party document subpoenas that Defendant proposes to serve on Plaintiff's present and past employers, as well as on other employers to which Plaintiff applied but never worked. Defendant wants Plaintiff's current and previous employers to provide "(1) [Plaintiff's] application for employment, resume, and any related correspondence; (2) all documents related to his job description, duties and responsibilities, and hours worked; and (3) all documents related to any discipline imposed on him, and any related investigatory reports or correspondence." For the other two employers where Plaintiff merely applied, Defendant wants "all completed application forms, resumes, and related correspondence."

The Federal Rules of Civil Procedure provide for liberal discovery. *See* Fed. R. Civ. Pro. 26(b)(1). While the Court always has a duty to ensure to protect parties from excessive and/or oppressive discovery that they seek from each other, *see* Fed. R. Civ. Pro. 26(b)(2) and 26(c), the Court must be especially careful when, as here, a litigant seeks information from third parties, *see Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern

for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." (citations omitted)). And, because of potential adverse employment consequences, an even greater concern attaches when the third-party is a litigant's current employer, *see Moffatt v. Seymour Tubing, Inc.*, IP01-C-1953-B/S (S.D. Ind. Jul. 12, 2002) (regarding "routine discovery requests to former and subsequent employers, the magistrate judge determines that the potential relevance of any information obtained by such discovery is limited, while the potential for prejudice to the plaintiff–especially where her current employer is concerned–is high).

Defendant says that its subpoenas are designed to uncover documents relevant to two issues in what is a straightforward overtime case. First, it says that its pay practices conformed to an industry standard. But Defendant has failed to cite any authority that would permit it employ illegal pay practices (assuming that they are illegal, as alleged) just because "everyone else" in the industry also has illegal pay practices.

Second, Defendant wants to see whether it can dredge up any information that may undercut Plaintiff's credibility at trial—say, for example, if he lied on his resume. Defendant has not, however, articulated any specific reason to believe that the third-party discovery would actually reveal anything within the purview of Federal Rule of Evidence 608. With the present record, the Court agrees with Plaintiff that serving subpoenas on third-party employers is oppressive and harassing, and the Court will not permit it.

Thus, Defendant may not serve its proposed subpoenas. Nonetheless, the Court does not intend to foreclose Defendant from obtaining specific evidence that may justify more targeted third-party requests regarding Plaintiff's credibility, an appropriate subject for discovery, *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("Rule 26… permits the

discovery of information which may simply relate to the credibility of a witness or other evidence in the case." (emphasis and citations omitted)).  Accordingly, Plaintiff shall provide Defendant copies of the following to the extent that he has them (and has not already done so): (1) the resume, job application, and cover letter that he sent to the four employers identified in the proposed subpoenas; and (2) documents relating to any dishonesty-related discipline imposed upon him by his current or former employer.  Plaintiff shall provide those documents to Defendant within **seven days**.

01/08/2010

*[signature]*

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Philip J. Gibbons Jr.
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

David L. Swider
BOSE MCKINNEY & EVANS, LLP
dswider@boselaw.com

Emily L. Yates
BOSE MCKINNEY & EVANS, LLP
eyates@boselaw.com